IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**VANESSA BURNETT-BABER**                                                                 **PLAINTIFF**

v.                                  **CASE NO. 4:20-CV-001013-BSM**

**DOLGENCORP, LLC**                                                                           **DEFENDANT**

## ORDER

Dolgencorp, LLC's motion for summary judgment [Doc. No. 22] is granted.

### I. BACKGROUND

Vanessa Burnett-Baber is suing Dolgencorp, the parent of Dollar General Store, for injuries she sustained when she slipped and fell on a raw egg in a Dollar General Store. James Dennis was working the cash register when a customer pushing a baby stroller handed him a carton of eggs to ring-up. Pl. Facts ¶¶ 1, 6, 8. Dennis noticed the carton was wet on the bottom and that there was a cracked egg inside, so he placed the carton near the register, while another employee brought the customer another carton. *Id*. ¶¶ 10–13. Dennis checked the new carton and confirmed it contained no broken eggs, rang it up, and placed it in a bag for the customer. *Id*. ¶ 13. The customer paid for her items, and before leaving the store, stopped her baby stroller near the exit to tend to her child, and then exited the store. *Id*. ¶ 14. Approximately one minute and 25 seconds later, Burnett-Baber walked through the area where the customer had stopped her stroller and slipped and fell on raw egg. *Id*. ¶¶ 14–13. Burnett-Baber is seeking damages for her injuries and Dolgencorp is moving for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is granted because there is no dispute of material fact concerning whether the egg was on the floor as a result of Dolgencorp's negligence.

To prevail, Burnett-Baber has to prove that Dolgencorp failed to exercise reasonable care in maintaining its store. *Bank of Malvern v. Dunklin*, 307 Ark. 127, 129, 817 S.W.2d 873, 874 (1991). To establish this, Burnett-Baber must show either: 1) that Dolgencorp's negligence caused the egg to be on the floor, or 2) that the egg was on the floor long enough that Dolgencorp knew or reasonably should have known it was there but failed to use

ordinary care to remove it. *Id*. (*citin*g *Safeway Stores, Inc. v. Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986)).

Burnett-Baber argues that Dolgencorp's negligence caused the egg to be on the floor. Pl.'s Br. Supp. Resp. at 4, Doc. No. 33 ("Plaintiff concedes that there is no evidence that the egg was on the floor for such a length of time that Dollar General knew or should have known of its presence before Plaintiff's fall"). This is true, she contends, because a jury could infer that Dennis or another store employee should have checked the floor and stroller after he discovered that the carton contained a broken egg. *Id.* at 7. Despite Dennis's testimony that he thought the carton was wet from condensation, Dennis Dep. at 24, Doc. No. 22-2, Burnett-Baber argues that Dennis knew the carton was leaking eggs as proven by the fact that he used Windex to clean his register after coming into contact with the broken egg. Taken in the light most favorable to Burnett-Baber, a reasonable jury could find that Dennis used Windex to clean the register because he knew egg had leaked on it. Even if Dennis knew the carton was leaking egg, at most he may have been on notice to check the floor between the refrigerator where the customer retrieved the carton with the broken egg and the register. He would not have been on notice to check the floor near the exit because he kept the leaking carton at the register and checked the new carton for broken eggs before handing it to the customer. Accordingly, summary judgment is granted.

## IV. CONCLUSION

For the foregoing reasons, summary judgment is granted and this case is dismissed with prejudice.

IT IS SO ORDERED this 6th day of July, 2022.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE